NOT DESIGNATED FOR PUBLICATION

No. 127,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WARREN FLORES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed July 18, 2025. Affirmed.

*Wendie C. Miller,* of Kechi, for appellant.

*Julie A. Koon,* assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., MALONE and COBLE, JJ.

PER CURIAM: After completing more than half his probation term, Warren Flores was accused of violating the terms and conditions of his probation on multiple occasions. The district court initially gave Flores a second chance to succeed on probation after an intermediate sanction, but after yet additional violations the district court ultimately revoked his probation and imposed his underlying jail term.

Flores claims the district court acted unreasonably and thus abused its discretion by not giving him another chance on probation. Although the district court has many

1

tools at its disposal to sanction probationers for a violation—this court cannot say the court acted unreasonably in revoking Flores' probation and imposing his underlying sentence in this case. Success on probation is up to the probationer—and the district court is not required to give unlimited chances at that success.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, Flores pled guilty to three counts of misdemeanor domestic battery for acts he committed in May 2020. The district court sentenced Flores to two years of probation with an underlying jail term of 18 months and ordered him to pay $600 in fines and $1,173.26 in restitution.

In July 2023, Flores' probation officer filed a warrant alleging Flores violated the conditions of his probation by failing to report as directed on two occasions and failing to make his required monthly payments toward his court costs, fines, and restitution. The following month, Flores' probation officer filed another warrant alleging Flores had further violated the conditions of his probation by failing to report to the probation office immediately upon his release from custody and failing to obey the order that he have no contact with the victim or her family. At the following probation violation hearing, Flores waived his right to an evidentiary hearing and admitted to the allegations asserted in both warrants. The district court extended Flores' probation term, ordered him to serve an intermediate jail sanction, and warned him that it would be "zero tolerance probation from here on out."

About a week later, Flores' probation officer filed a warrant alleging Flores had again violated the conditions of his probation by (1) failing to report to the probation office as directed, (2) failing to refrain from the possession or use of alcohol and/or drugs without a prescription, (3) submitting a urinalysis result that was positive for THC, methamphetamine, and amphetamine, and (4) failing to make required monthly payments

toward his court costs, fines, and restitution. Flores failed to appear at the subsequent probation violation hearing.

Flores did appear at a hearing in October 2023 where he again waived his right to an evidentiary hearing and admitted to the allegations asserted in the warrant. Flores' attorney acknowledged the original date of the hearing was on Flores' bond paperwork but nevertheless claimed Flores missed the previous hearing in September because he believed it was scheduled for a different day.

The district court ultimately revoked Flores' probation and ordered him to serve his underlying 18-month jail term with the modification that Flores be authorized for work release for the last 6 months of his sentence. The district court reasoned that Flores had multiple opportunities for success and expressed disbelief that Flores had mistaken the prior hearing date because Flores would have shown up at the courthouse on that date expecting court. The court summarized in part:

> "In any event, at this point, with the previous probation violations, your high criminal history, there's really nothin' I can do that's not really co-dependent, anyway, and enabling. I'll go ahead and revoke, I'll impose the 18 months jail.
> "I'll grant modification only to the degree I'll authorize work release for the last six months of that time."

Flores appealed.

## DISCUSSION

On appeal, Flores argues that the district court abused its discretion by revoking his probation and ordering him to serve his underlying jail term rather than ordering him to substance abuse treatment or other modification. After the court establishes a probation violation, it has discretion to revoke the offender's probation and impose the underlying

sentence unless other remedial actions are first statutorily required. *State v. Tafolla*, 315 Kan. 324, Syl. ¶ 1, 508 P.3d 351 (2022). Here, the district court was not statutorily required to impose intermediate sanctions before revoking Flores' probation because his original convictions were misdemeanors. K.S.A. 2019 Supp. 22-3716(b)(3)(B)(iii) (authorizing revocation of probation and imposition of underlying sentence without first imposing intermediate sanctions when the original crime of conviction was a misdemeanor).

This court therefore reviews the propriety of the district court's decision to revoke probation and impose the underlying sentence for an abuse of discretion. *Tafolla*, 315 Kan. at 328. "A court abuses its discretion if the judicial decision is arbitrary, fanciful, or unreasonable, is based on an error of law, or is based on an error of fact." 315 Kan. 324, Syl. ¶ 1. Flores bears the burden of establishing such abuse of discretion. 315 Kan. at 328. Here, Flores does not allege the district court made an error of law or fact, meaning this court may only reverse the district court's decision if no reasonable person would have agreed with it. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015) ("Unless the district court has made a legal or factual error, an appellate court may find an abuse of discretion only when no reasonable person would agree with the district court's decision.").

Flores argues the court acted arbitrarily and that no reasonable person would agree with its decision because "the Court did not consider that Mr. Flores had complied with the terms of his probation until he had a relapse 20 months after being placed on probation." Flores claims that he demonstrated he could be successful on probation and had completed multiple programs as well as parenting and anger management classes. Essentially, Flores argues that the court acted unreasonably because it had many other options to address Flores' relapse and his history demonstrated that he could be successful in those programs.

4

While Flores persuasively shows his success at many aspects of probation for an extended time period, that does not make the district court's decision unreasonable. Given the same set of facts, often reasonable people can disagree on the appropriate resolution. Here, the district court did not revoke Flores' probation after the first violation—but gave Flores another chance to demonstrate the required fortitude for success. Flores' inability to comply with the conditions of his probation persisted even after he received an intermediate jail sanction and a warning from the court that it would have "zero tolerance" for future violations. Still, Flores violated the conditions of his probation again.

Given the facts with which the district court was confronted, it was not unreasonable for the court to conclude that reinstating Flores' probation would be futile. The question is not whether this panel of judges would have reached a different decision, but rather whether *no reasonable person* would have agreed with the district court's decision. This court simply cannot say that no reasonable person would have agreed with the district court's decision to revoke Flores' probation and order him to serve his full underlying jail term. The district court therefore did not abuse its discretion in revoking Flores' probation, and the court's decision is affirmed.

Affirmed.